RAPP v. CENTRAL FIREPROOF DOOR & SASH CO.

(Circuit Court of Appeals, Second Circuit.  December 15, 1908.)

No. 84.

PATENTS (§ 328*)—INVENTION—FIREPROOF DOOR.

The Rapp patent, No. 653,400, for a fireproof door made of wood incased in metal, the only new feature of which is that both the wood and metal covering are paneled and more attractive in appearance than the flat doors of the prior art, is void for lack of invention.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 158 Fed. 440.

Fred H. Bowersock (R. H. E. Starr, of counsel), for appellant.

Grafton L. McGill (J. Nota McGill, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.  The Rapp patent relates to fireproof doors having a core or filler of combustible material, usually of wood, and a metallic covering which completely incloses the core or filler; in other words, wooden doors with metal covering.

That such doors, broadly considered, were old in the art long before December 18, 1899, the date of Rapp's application, is admitted. But it is asserted that novelty exists in the fact that the door of the patent is constructed with panels of metal, the various parts being so interlocked and fastened as to furnish protection to the wooden core and at the same time present a symmetrical appearance.  The specification describes a paneled door of wood, or other nonmetallic material, covered with metal having panels stamped out to conform to those in the core or filler.  The various parts of the cover, comprising the top, bottom and center rails, the stiles and panels, are provided with edges bent over to form marginal lips which are interlocked and pounded down with a mallet to form the covering, the panels having been secured in position by blind nailing.

The three claims of the patent are involved, but claim 2 sufficiently discloses Rapp's contribution to the art.  It is as follows:

"2. The combination in a fireproof door, of a core or filler and a metallic covering therefor, said covering comprising front and back panels, each having marginal lips, connecting rails, having marginal lips which engage with the marginal lips of the panels, and top and bottom rails and stiles fitting over the edges of the core or filler and connected with adjacent panels and connecting-rails."

"The combination in a fireproof door of a core or filler and a metallic covering therefor" was old as before stated.  The "Fire Underwriters' Door" was made of wood completely incased in metal formed out of flat sheets having their edges bent over to interlock.  When these edges were pounded down the door was substantially flat.  This door presented all of the practical advantages of the patented door.  It was

composed of the same materials, it was produced in the same manner and it was equally fireproof, but it had no panels and consequently was not so attractive to the eye. The question is therefore narrowed to the single inquiry—Did it involve invention to put panels in the Underwriters' door?

We are compelled to answer this question in the negative. The prior art shows paneled metallic doors and shutters, the parts being fastened by flanges bent and locked together, wooden doors with metal panels and paneled fireproof doors with interior wooden cores. The moment the demand for a paneled fireproof door arose, a mechanic of ordinary intelligence, with the prior art before him, would know exactly how to proceed. Metal panels which, in the language of the patent, "are stamped into shape and each is provided with a peripheral or marginal lip" were old, and the underwriters had shown how metal sheets without the embossed work thereon could be fastened together to produce a fireproof structure. Can it be possible that the workman who daily fastened together the sheets of the underwriters' door would have been transformed into an inventor if some one had stamped a series of ornamental designs upon these sheets?

We are clearly of the opinion that the patent is void for lack of invention.

The decree is affirmed with costs.